JB: 2007R00471

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2009 MAR 11 P 4:44

CLERK'S OFFICE
AT BALTIMORE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. WMN-09-0126 |
| | False Statements |
| JAMES E. JACKSON, | (18 U.S.C. § 1001) |
| Defendant. | |

## INDICTMENT

The Grand Jury for the District of Maryland charges:

## COUNTS 1-20

### Introduction

At all times material to this Indictment:

1.  The National Security Agency ("NSA") was a component of the U.S. Department of Defense, which was part of the executive branch of the United States Government.

2.  NSA contracted with an outside company ("Contractor A") to obtain messaging services. Contractor A provided such services under the terms of a time-and-materials contract, contract number MDA904-03-A-0003, Delivery Order #0005 (the "Messaging Services Contract").

3.  Defendant **JAMES E. JACKSON** was a resident of Glen Burnie, Maryland, and was employed full-time by a subcontractor ("Subcontractor A") to Contractor A to work on the Messaging Services Contract. Defendant **JAMES E. JACKSON's** sole duty station with respect to the Messaging Services Contract was located within NSA Headquarters, Fort George G. Meade, Maryland.

4. **JAMES E. JACKSON** was required to be present at NSA office space located at NSA Headquarters when working on the Messaging Services Contract.

5. Subcontractor A required **JAMES E. JACKSON** to submit a timesheet in electronic form for every two-week pay period. In those timesheets, **JAMES E. JACKSON** was required to state the number of hours he had worked during those pay periods on the Messaging Services Contract. **JAMES E. JACKSON** received regular paychecks from Subcontractor A in which he was paid based on the number of hours he had claimed to work on the Messaging Services Contract for the pay periods in question.

6. Based on the hours that **JAMES E. JACKSON** claimed to have worked on the Messaging Services Contract, Subcontractor A periodically invoiced Contractor A for such hours. Contractor A, in turn, periodically invoiced NSA for the hours that **JAMES E. JACKSON** claimed to have worked on the Messaging Services Contract.

7. After NSA received invoices from Contractor A, which included the amounts invoiced for hours **JAMES E. JACKSON** had reported to Subcontractor A he had worked on the Messaging Services Contract, NSA paid Contractor A for such claimed hours. Contractor A, in turn, made payments to Subcontractor A for **JAMES E. JACKSON's** claimed hours.

8. NSA paid Contractor A between $84.93 per hour and $92.04 per hour for the hours that **JAMES E. JACKSON** claimed to have worked on the Messaging Services Contract.

<u>**JAMES E. JACKSON's False Timesheets**</u>

9. Between on or about September 30, 2004, and on or about January 16, 2007, **JAMES E. JACKSON** submitted, and caused to be submitted, false timesheets to Subcontractor A claiming that he worked a total of approximately 834.25 hours more than he had actually

2

worked on the Messaging Services Contract. Subcontractor A, in turn, invoiced Contractor A for all of these hours that **JAMES E. JACKSON** claimed to have worked, but in fact, had not worked on the Messaging Services Contract. Contractor A, in turn, submitted invoices to NSA for all of these hours that **JAMES E. JACKSON** claimed to have worked, but in fact, had not worked on the Messaging Services Contract.

10. Based on the invoices that Contractor A submitted to NSA for the hours **JAMES E. JACKSON** claimed to have worked, but in fact, had not worked on the Messaging Services Contract, NSA overpaid Contractor A approximately $75,150.

## The False Statements

11. On or about the following dates, in the District of Maryland and elsewhere, defendant

### JAMES E. JACKSON

knowingly and willfully, in a matter within the jurisdiction of NSA, made materially false, fictitious, and fraudulent statements and representations, in that he submitted timesheets to Subcontractor A for the following pay periods, in which he claimed that he had worked the following hours on the following dates on the Messaging Services Contract, when as he then well knew, he had not worked on the Messaging Services for such hours:

| Count | Date Timesheet Entered | Pay Period Ending Date | Hours Falsely Claimed to Have Been Worked |
|---|---|---|---|
| 1 | 11/10/04 | 11/11/04 | 8 hours (11/4/04) |
| 2 | 3/23/05 | 3/17/05 | 8 hours (3/10/05)<br>8 hours (3/17/05) |
| 3 | 4/14/05 | 4/14/05 | 8 hours (4/7/05) |
| 4 | 5/12/05 | 5/12/05 | 8 hours (5/10/05) |
| 5 | 5/31/05 | 5/26/05 | 8 hours (5/19/05)<br>3 hours (5/23/05)<br>8 hours (5/26/05) |
| 6 | 6/9/05 | 6/9/05 | 4.5 hours (6/2/05)<br>8 hours (6/5/05)<br>8 hours (6/9/05) |
| 7 | 6/23/05 | 6/23/05 | 8 hours (6/16/05)<br>8 hours (6/19/05)<br>3.5 hours (6/20/05) |
| 8 | 9/29/05 | 9/29/05 | 8 hours (9/22/05) |
| 9 | 11/23/05 | 11/24/05 | 8 hours (11/16/05)<br>8 hours (11/23/05) |
| 10 | 12/8/05 | 12/8/05 | 8 hours (12/1/05)<br>8 hours (12/8/05) |
| 11 | 2/2/06 | 2/2/06 | 8 hours (1/24/06)<br>3 hours (1/31/06)<br>8 hours (2/2/06) |
| 12 | 3/2/06 | 3/2/06 | 4 hours (2/21/06)<br>8 hours (2/28/06) |
| 13 | 3/16/06 | 3/16/06 | 8 hours (3/9/06)<br>3.5 hours (3/14/06)<br>8 hours (3/16/06) |
| 14 | 4/13/06 | 4/13/06 | 2.75 hours (4/3/06)<br>8 hours (4/4/06)<br>2.5 hours (4/12/06) |

4

| | | | |
|---|---|---|---|
| 15 | 5/11/06 | 5/11/06 | 8 hours (5/2/06)<br>3 hours (5/10/06)<br>8 hours (5/11/06) |
| 16 | 5/25/06 | 5/25/06 | 8 hours (5/16/06)<br>4.25 hours (5/18/06)<br>8 hours (5/25/06) |
| 17 | 6/8/06 | 6/8/06 | 3.5 hours (5/28/06)<br>2.75 hours (5/31/06)<br>8 hours (6/6/06)<br>1.5 hours (6/7/06) |
| 18 | 7/6/06 | 7/6/06 | 8 hours (6/29/06)<br>8 hours (7/4/06) |
| 19 | 8/3/06 | 8/3/06 | 8 hours (7/27/06)<br>8 hours (8/1/06)<br>8 hours (8/2/06) |
| 20 | 8/17/06 | 8/17/06 | 2.25 hours (8/7/06)<br>8 hours (8/10/06)<br>4.25 hours (8/15/06)<br>8 hours (8/17/06) |

18 U.S.C. § 1001

*Rod J. Rosenstein/jb*
Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

11 MAR 2009
Date

5